UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Docket #: 23-7279

Peter F. Valdez,

                    **Plaintiff,**                **COMPLAINT**

--against--

**Wells Fargo Advisors, LLC,**

                    **Defendant.**
-----------------------------------------------------------X

Plaintiff, by his attorneys, Law Office of Gambino & Demers, LLC complaining of the Defendant, all upon information and belief, respectfully allege:

## NATURE OF ACTION AND JURISDICTION

1. This is a civil action for damages and other legal and equitable relief against Ells Fargo Advisors, LLC ("Wells Fargo") for discrimination based upon race, national origin, ethnicity, age and/or retaliation for Plaintiff's opposing discrimination, in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000, *et. seq.* (race, gender, age, national origin and/or retaliation), Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634, the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 and New York State Executive Law § 296 et. Seq., commonly known as the New York State Human Rights Law ("NYSHRL") and pendent claims under the Constitution and Laws of the State of New York.

2. The Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

3. The allegations herein arose in Dutchess County, New York, and are therefore within this judicial district.

1

## PARTIES

4. At all times herein mentioned, Peter Valdez was a resident of the County of Dutchess, State of New York, and was employed by Defendant Wells Fargo within Dutchess County.

5. Upon information and belief, Wells Fargo ADVISORS, LLC, is a Limited Liability Company organized and existing under the laws of the State Delaware. It is a wholly-owned subsidiary of Wells Fargo & Company, with its principal place of business at 1 North Jefferson Avenue, St. Louis, Missouri 63103 and branch offices located throughout the United States, including Dutchess County, New York.

6. Upon information and belief, Defendant obligated to ensure the Well Fargo is free from discriminatory conduct, such as that alleged herein.

7. At all times relevant herein, Suzanne Lichtman, Michael Freiheit, Adam Dumoch, Christopher Calabrese and Brittany Gatto were employed by Defendant during all times mentioned herein, and were Plaintiff's supervisor and/or managers during all times mentioned herein. (collectively referred to as "Supervisors").

8. Upon information and belief, the Supervisor were acting in the course of their official duties and functions as Plaintiffs' supervisors on behalf of Defendant.

## RIGHT TO SUE

9. Plaintiff was granted a Notice of Right to Sue dated May 19, 2023 issued by the U.S. Equal Employment Opportunity Commission (EEOC Charge # 520-2021-03565). (*See,* Exhibit A).

## ALLEGATIONS

10. Plaintiff is a male Hispanic of Mexican descent are is employed by Wells Fargo Advisors as a Financial Advisor since 2002 in Dutchess County, New York at all times mentioned herein.

11. At all times mentioned, Plaintiff was over 60 years of age and is presently 64 years of age, born on March 30, 1959.

12. At all times mentioned, Plaintiff was, and is, Catholic.

13. At all times mentioned, Plaintiff suffered, and continues to suffer from disabilities, of which Defendant is aware, in that Plaintiff has epileptic seizure disorder, anxiety and related mental health ailments.

14. The Defendant herein, by and through its Supervisors, individually/and or collectively engaged in a continuous, and continuing, course of discriminatory conduct toward Plaintiff based upon Plaintiffs' race, gender, disability, religion, national origin and/or ethnicity (Hispanic) and in retaliation for his opposition to discrimination by Defendants, thereby denying him financial benefits, career advancement opportunities, promotional opportunities, income and client assignments.

15. The Supervisors herein individually and/or collectively further engaged in a course of discriminatory conduct toward Plaintiff based upon Plaintiff's age, thereby denying him financial benefits, career advancement opportunities, promotional opportunities and client assignments.

16. Plaintiff is a Senior Financial Advisor ("FA") at Wells Fargo, which is a non-bank affiliate and subsidiary of the bank Wells Fargo & Co.

17. Suzanne Lichtman is Plaintiff's current Area Manager for the Mid-Hudson, Westchester NY Region for Defendant.

18. Suzanne Lichtman has been Plaintiff's supervisor from on or about February 1, 2020, through present.

19. Wells Fargo provides a wide range of investing advice, investment products, and portfolio management services to its clients and employs over 12,000 financial advisors, who work in one of two "sales channels."

20. FAs are paid on a draw/commission basis. Commissions are calculated as a percentage of the revenue produced by the FA, and the percentage applied (known as the "grid rate") is typically determined by the advisor's level of production.

21. Although FAs are assured of a minimum salary draw, any FA whose earned commission does not exceed the minimum salary draw carries the deficit into the next month.

22. FAs generate revenue either by collecting transaction fees on sales of financial products to clients or by charging clients an annual fee tied to the value of the client's account.

23. The assignment process provides that each FA covers their main office at main "Affluent" Wells Fargo Branch within their respective market.

24. At all times mentioned herein, Plaintiff was assigned to the Mid-Hudson Market.

25. Plaintiff's primary responsibilities as the FA were to work at the branch at least four days a week, attend branch meetings, have coaching sessions with the bankers and to work at a Non-Affluent Wells Fargo Branch in Fishkill, New York one day a week.

26. Plaintiff was transferred to the Hopewell Junction Branch on or about December 2018.

27. Since on or about July 2019 and continuing, Plaintiff's Supervisor, Michael Freiheit, Private Wealth Area Manager, was directing customer referrals away from Plaintiff and to Mark Fidelio, who is a younger FA.

28. The directing of customers away from Plaintiff to a younger FA was based upon the Plaintiff's age and resulted in a loss of earnings to Plaintiff.

29. On or about October 3, 2019, Michael Freiheit met with Plaintiff in Mr. Freiheit's Greenwich, Connecticut office and told Plaintiff Adam Dumoch wanted Plaintiff out of the Hopewell Branch, Plaintiff was too old, and that Adam Dumoch prefers FA Mark Fidelio who is younger.

30. On December 10, 2019, Plaintiff was told by manager Mike Freiheit that referrals were still going to other FA's that should have been going to Plaintiff. Those other FA's were younger than Plaintiff and also of non-Hispanic descent.

31. On December 10, 2019, Plaintiff called Wells Fargo Human Resource Employee Relations Consultant Nilma Patel, to complain about the above discrimination issues.

32. A few weeks went by, and Plaintiff did not receive any information back from Human Resources and was not receiving any referrals from the Hopewell Junction branch bankers.

33. Plaintiff emailed Michael Freiheit on December 19, 2019 and advised him Plaintiff was experiencing intense anxiety, stress and depression from the discriminatory actions to which Plaintiff was being subjected as described herein.

34. On December 24, 2019, Nilma Patel emailed Plaintiff stating as follows: "I followed up with your manager. He mentioned that he met with you yesterday. Please let me know if you still have any concerns. Glad to set up time to talk."

35. Plaintiff's complaint of discrimination was not addressed by Defendant and indeed the adverse treatment of Plaintiff and discriminatory actions of Defendant continued and worsened.

36. On December 26, 2019, Plaintiff sent Ms. Patel an email reply stating, "Yes I met with Mike. Unfortunately, the Managers of Wells Fargo Bank N.A. Adam Dumoch District Manager-Hudson Valley, New York and Brittany Gatto do not want me to work or meet with customers at the Hopewell Junction Branch . This is unfair and illegal both in New York State and under Federal Law."

37. On January 7, 2020, Plaintiff sent Ms. Patel a Workplace Harassment Complaint against Branch Manager Brittany Gatto, Wells Fargo Hopewell Junction, NY.

38. The Workplace Harassment, Discrimination case was sent to Defendant's HR-EAP case #253105 on January 9, 2020.

39. Plaintiff sent an email to HR on February 24, 2020 complaining that all new business Affluent Customers were being diverted to FA Mark Fidelio.

40. On March 5, 2020, Plaintiff's complaint was reassigned to Marisa Griggs Senior Employment Investigator.

41. On March 13, 2020, Ms. Griggs closed the case with no action being taken.

42. On April 16, 2020, Plaintiff was given an "Informal Warning" Conduct in retaliation for the complaints Plaintiff had made.

43. Christopher Calabrese, Suzanne Lichtman and Adam Dumach placed Plaintiff under increased scrutiny regarding Plaintiff's activities, after Defendant approved Plaintiff's request for FMLA accommodation.

44. In 19 years with Wells Fargo Advisors, Plaintiff never received any prior warning regarding workplace conduct.

45. A Conference call was held on October 27, 2020 between Suzanne Lichtman, Christopher Calabrese and Plaintiff, during which time Suzanne Lichtman expressed she was upset with Plaintiff for complaining about Defendant's discriminatory actions against Plaintiff.

46. During a Conference call on November 21, 2020 with Julie Warren, Wells Fargo PCG manager, Suzanne Lichtman and Christopher Calabrese, at which time Julie Warren confirmed that Wells Fargo Advisor's Senior Leadership and Wells Fargo Bank Management were not to send Plaintiff any affluent client referrals.

47. Defendant's supervisors, Christopher Calabrese, Suzanne Lichtman and Adam Dumoch allowed Mark Fidelio to cover five Wells Fargo Bank branches, Wappingers Falls, Hopewell Junction, Cold Spring, Peekskill and Yorktown Heights.

48. It is the policy of Defendant for FA's to cover only two branches.

49. Plaintiff was only permitted to cover one branch, Fishkill.

50. Upon information and belief, the aforementioned action was taken as a result of Plaintiff's age, national origin, disability, religion and/or in rotation for his opposition to the discriminatory action being taken against him.

51. On December 4, 2020, Plaintiff called Defendant's Human Resource office and spoke with Leah Moren and complained discriminatory conduct and the hostile work environment Plaintiff was being subjected to.

52. Plaintiff complained to Ms. Moren that the Supervisors steered more than $10 million away from Plaintiff as a result of the aforementioned discrimination.

53. On February 26, 2021, Plaintiff was going to meet a potential client at a CVS pharmacy in Newburgh as it is the regular practice of FAs to meet with clients at various locations outside the bank.

54. Plaintiff informed Brittany Gatto, Branch Manager and Ricardo Ventura, Premier Banker that his potential client was going to be at a CVS to get a COVID vaccine and that the client asked Plaintiff to meet there.

55. The Newburgh branch was closed at that time, so Plaintiff was not able to meet him at a branch location and agreed to meet him at CVS.

56. Suzanne Lichtman then directed Plaintiff not to meet with his client.

57. On March 18, 2021, Plaintiff had a meeting at Wells Fargo Branch with Suzanne Lichtman and Christopher Calabrese regarding a formal warning for Plaintiff meeting his client at a CVS.

58. On April 16, 2021, Suzanne Lichtman and Christopher Calabrese called Plaintiff to tell Plaintiff he was unprofessional and had several "outbursts" at a meeting held on April 15, 2021 with Hopewell Branch. Plaintiff responded that he had a "medical event" due to his disability, which were being exacerbated as a result of Defendants' discriminatory and hostile actions against Plaintiff.

59. On May 4, 2021, Plaintiff, a practicing Catholic, was denied time off to celebrate Good Friday, a religiously observed holiday, in further retaliation of his opposition to discrimination.

60. Upon information and belief, other Defendant employees are permitted time off to celebrate religious holidays.

61. Plaintiff was given an "inconsistently meets" 2021 year-end performance evaluation effective date January 1, 2022 in further retaliation for Plaintiff's opposition to Defendant's discriminatory actions.

62. On May 4, 2021, Suzanne Lichtman and Christopher Calabrese advised Plaintiff he was being transferred out of Affluent Hopewell branch to the non-affluent Fishkill Branch only, as a result of Defendant's continuing acts of discrimination against Plaintiff and in further retaliation for Plaintiff's opposition to Defendant's acts of discrimination.

63. Defendant, by and through its Supervisors, continues the aforementioned course of conduct whereby Plaintiff is being discriminated against upon the basis stated herein, being deprived of client referrals, and been assigned to a less desirable branch, all of which has caused Plaintiff to lose business opportunities and income, loss of reputation, career opportunities and emotional distress.

## AS AND FOR A FIRST CAUSE OF ACTION

64. Plaintiffs repeat and realize each of the foregoing paragraphs as if set forth more fully herein.

65. Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against persons on the basis of their national origin, age, ethnicity and/or race. Plaintiff is informed and believes and thereon alleges that Defendants' disparate employment practices as described herein had an adverse and disproportionate impact on him because of his age, over 60 years of age and presently 64 years of age, and national origin, Hispanic of Mexican descent.

66. Defendants' actions as described herein were neither manifestly job-related nor consistent with business necessity.

67. Plaintiff engaged in protected activities by complaining toe Human Resources about the discrimination to which he was being subjected to by Defendant.

68. Wells Fargo had actual knowledge that Plaintiff engaged in protected activities.

69. In direct retaliation for Plaintiff engaging in protected activities, Wells Fargo transferred Plaintiff to a less desirable branch.

70. Wells Fargo deprived Plaintiff of business opportunities by referring clients to a younger FA.

71. Less discriminatory alternatives existed to achieve Defendant's legitimate business purposes.

72. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

73. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on age, national origin, race and/or ethnicity.

74. Plaintiff is entitled to their reasonable attorneys' fees and costs of suit.

### AS AND FOR A SECOND CAUSE OF ACTION

**National Origin-Based Discrimination (Hostile Work Environment) in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a)**

75. Plaintiffs repeat and reallege each of the foregoing paragraphs as if set forth more fully herein.

76. Plaintiff was subjected to harassment by Defendant, by and through its Supervisors as described herein, because of his national origin, Hispanic.

77. Plaintiff was subjected to verbal and written conduct, described herein, Defendant, by and through its Supervisors as described herein, because of his national origin, Hispanic.

78. Defendant's Supervisors' conduct was not welcomed by Plaintiff.

79. Defendant's Supervisors' conduct was undertaken because of Plaintiff's national origin, Hispanic.

80. The conduct was so severe or pervasive that reasonable persons in Plaintiff's position would find their work environment to be hostile or abusive.

81. Plaintiff believed his work environment to be hostile or abusive as a result of Defendant's Supervisors' conduct.

82. Management level employees knew, or should have known of, or themselves personally engaged in, the abusive conduct described herein. Plaintiff provided management level personnel with information sufficient to raise a probability of national origin, race, age and ethnicity harassment in the mind of a reasonable employer. Moreover, the harassment was so pervasive and open that a reasonable employer would have had to have been aware of it. Indeed, management level employees were themselves complicit in the abusive conduct.

83. Defendants did not exercise reasonable care to prevent harassment in the workplace on the basis of national origin, and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

48. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

85. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on national origin.

86. Plaintiff is entitled to their reasonable attorneys' fees and costs of suit.

87. Plaintiff is entitled to back pay for lost wages and benefits, commissions, prejudgment interest on the back pay award, reinstatement to the fullest extent allowed by law, compensatory damages for emotional pain and suffering, other out-of-pocket expenses, costs, prejudgment interest on any non-back pay out-of-pocket expenses together with such other relief as the Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION

### 42 U.S.C. § 1981

88. Plaintiffs repeat and reallege each of the foregoing paragraphs as if set forth more fully herein.

89. By committing the forgoing acts of discrimination against Plaintiff, Defendant has violated 42 U.S.C. § 1981.

90. Said violations were done with malice and/or reckless indifference to Plaintiff's protected rights. And warrant the imposition of punitive damages.

91. As a direct and proximate result of Defendants' violation of 42 U.S.C. § 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

92. Plaintiff has suffered, and will co true to suffer, irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

## AS AND FOR A FOURTH CAUSE OF ACTION

## UNLAWFUL DISCRIMINATION IN VIOLATION OF NYSHRL § 296 (1) (a)

93. Plaintiff repeats and realizes each of the foregoing paragraphs as if set forth more fully herein.

94. NYS Executive Law 296 (1)(a) expressly prohibits employment discrimination based upon a person's age, race, national origin, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

95. As sated herein, Plaintiff has been discriminated against by Defendant in compensation or in terms, conditions or privileges of employment due to Plaintiffs' race, national origin, age and/or ethnicity; to wit, Hispanic.

96. As sated herein, Plaintiff has been discriminated against by Defendant in compensation or in terms, conditions or privileges of employment due to Plaintiff's age; to wit, 62 years.

97. Plaintiff is entitled to back pay for lost wages, lost commissions and benefits, prejudgment interest on the back pay award, reinstatement to the fullest extent allowed by law, compensatory damages for emotional pain and suffering, other out-of-pocket expenses, costs, prejudgment interest on any non-back pay out-of-pocket expenses together with such other relief as the Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION

## FOR UNLAWFUL RETALIATION IN VIOLATION OF NYSHRL § 296(7)

98. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth

more fully herein.

99. Plaintiff has objected to his supervisors of the discriminatory actions against him as stated herein. As a result of said objections, the Defendants furthered their discriminatory acts against the Plaintiff.

100. Plaintiff is entitled to back pay for lost wages, lost commissioner and benefits, prejudgment interest on the back pay award, reinstatement to the fullest extent allowed by law, compensatory damages for emotional pain and suffering, other out-of-pocket expenses, costs, prejudgment interest on any non-back pay out-of-pocket expenses together with such other relief as the Court deems just and proper.

11. No pervious application has been made for the relief requested herein.

## PLAINTIFF DEMANDS TRIAL BY JURY

**WHEREFORE,** Plaintiff requests the following relief jointly and severally as against all of the Defendants:

>    A. Grant a permanent injunction enjoining Defendant, it Supervisors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination against Plaintiff, including disparate treatment in the granting of assignments, overtime, employment opportunities and discipline.
>
>    B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.
>
>    C. Order Defendant to make whole each of the individuals identified herein, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to instatement or reinstatement and front pay.
>
>    D. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Plaintiff whole by providing compensation for past and future no pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Plaintiff punitive damages for malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Grant Plaintiff an award of disbursements, costs and attorney's fees; and

I. For such other and further relief as the court deems just and proper.

Dated: August 16, 2023
   Poughkeepsie, New York

              Respectfully submitted

              LAW OFFICE OF GAMBINO & DEMERS, LLC
              222 Church Street
              Poughkeepsie, NY  12601
              (845) 473-0427

            By: _____
              THOMAS M. GAMBINO, ESQ. (TG6332)

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Mr. Peter F. Valdez<br>5 Toms Way USA<br>POUGHKEEPSIE, NY 12603 | **From:** Miami District Office<br>100 SE 2nd St, Suite 1500<br>Miami, FL 33131 |

| EEOC Charge No.<br>520-2021-03565 | EEOC Representative<br>**DEBRICK SLATER,**<br>Federal Investigator | Telephone No.<br>786-648-5818 |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

  More than 180 days have passed since the filing of this charge.

  The EEOC is terminating its processing of this charge.

*Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** \*of your receipt of this Notice.\* Otherwise, your right to sue based on the above-numbered charge will be lost.*

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Evangeline Hawthorne
05/19/2023

**Evangeline Hawthorne**
Director

Enclosures(s)

cc: Alex Earle
WELLS FARGO
90 S 7th St Fl 9
Minneapolis, MN 55402
Legal EEO Team
90 S 7TH ST FL 9
Minneapolis, MN 55402

Thomas M Gambino
Law Office's of Gambino & Demers LLC
222 Church St
POUGHKEEPSIE, NY 12601